**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Edgar Searcy, #04726-031, | |
| Plaintiff, | |
| v. | C/A No. 6:06-1418-GRA-WMC |
| NFN Skinner, Inmate, | **ORDER** (Written Opinion) |
| Defendant. | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed May 25, 2006. Plaintiff is currently serving a one hundred eighty (180) month sentence as a career offender for a conviction of using interstate commerce (the internet) to engage in sexual activity with a minor. Plaintiff brings this action against Defendant, a fellow inmate at Bennettsville F.C.I., under the Racketeer Influenced and Corrupt Organizations ("RICO") Act. Plaintiff seeks restitution and damages from Defendant stemming from Defendant's physical attack on Plaintiff which he alleges led to him being placed into involuntary protective custody, preventing him from participating in prison employment. The magistrate recommends dismissing the complaint without prejudice and without issuance and service of process. The magistrate further recommends that all of Plaintiff's pending motions in this matter be denied.

Plaintiff brings this claim *pro se*. Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing). This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those

portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff filed objections to the Report and Recommendation on June 8, 2006.

Plaintiff appears to make three objections to the Report and Recommendation. In his first objection, Plaintiff argues that the "magistrate is incorrect in believing that a private party cannot file a civil action under the R.I.C.O. Act." (Plaintiff's

Objections 2). Plaintiff is technically correct. Pursuant to 18 U.S.C. § 1964(c), a private party can file a civil action under RICO if the person is injured in his business or property by reason of a violation of 18 U.S.C. § 1962. However, Plaintiff fails to properly allege any set of facts that satisfies the elements of the prohibited activities listed in either of the three subsections of 18 U.S.C. § 1962. Subsection 1962(a) (income derived from racketeering activity or collection of an unlawful debt) and Subsection 1962(b) (acquisition of an interest or control of an enterprise) are clearly not applicable to an inmate attack.

Plaintiff's only possible cause of action against Defendant is under Subsection 1962(c). To state a claim under this subsection of RICO, a plaintiff must properly plead the following elements of a criminal RICO violation: (1) the defendant's employment by or association with (2) an "enterprise" (3) engaged in or affecting interstate commerce (4) the affairs of which the defendant conducts or participates in through a pattern of racketeering activity. *S.C. Elec. & Gas Co. v. Westinghouse Elec. Corp.*, 826 F. Supp. 1549, 1558 (D.S.C. 1993) (citing *United States v. Griffin*, 660 F.2d 996, 999 (4th Cir. 1981)). Plaintiff, complaining of a single physical attack, has clearly failed to allege any set of facts that satisfies the aforementioned elements. Therefore, Plaintiff's RICO claim must be dismissed for failure to state a cause of action upon which relief may be granted. *See* 28 U.S.C. 1915(e)(2)(B)(ii).

In his second objection to the Report and Recommendation, Plaintiff argues

that 18 U.S.C. § 3771 creates a right of crime victims to petition the court, which overrides the provisions of 28 U.S.C. § 1915. The Court disagrees. Plaintiff misconstrues the intent of § 3771. The Crime Victims' Rights Act ("CVRA"), codified at 18 U.S.C. § 3771, establishes certain rights of crime victims within the prosecutorial process against a criminal defendant. However, "the CVRA does not grant victims any rights against individuals who have not been convicted of a crime." *In re W.R. Huff Asset Management Co., LLC*, 409 F.3d 555, 564 (2nd Cir. 2005). The Assistant United States Attorney "declined" to bring a criminal prosecution against Defendant, and Plaintiff may not use § 3771 as mechanism to bring an action against Defendant directly. Therefore, Plaintiff's objection is without merit.

In Plaintiff's final objection, he argues that the "magistrate's comments about the 'damages due' are hardly correct or applicable." (Plaintiffs Objections 3). In support of this argument, Plaintiff apparently relies, once again, on 18 U.S.C. § 3771 to argue that he is entitled to restitution from Defendant. As already noted, Plaintiff cannot maintain this action against Defendant pursuant to § 3771, and this objection is, therefore, without merit.

After a review of the magistrate's Report and Recommendation and Plaintiff's objections thereto, this Court adopts and accepts the magistrate's recommendation. As a result, the Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).

IT IS THEREFORE ORDERED that Plaintiff's complaint be DISMISSED without prejudice and without issuance and service of process.

IT IS FURTHER ORDERED that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that Plaintiff's Motion for Order of Discovery, Motion for Service of Process, and Motion for Security Bond, all filed on May 9, 2006, be DENIED.

IT IS SO ORDERED.

                                          G. ROSS ANDERSON, JR.
                                          UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

June   16   , 2006.

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.